UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GUTTER TOPPER, LTD., | : | Civil Action No. 1:04-cv-655 |
| Plaintiff, | : | Magistrate Judge Timothy S. Black |
| v. | : | |
| HART & COOLEY, INC, *et al.*, | : | |
| Defendants. | : | |

### ORDER DENYING HART & COOLEY'S MOTION[S] TO DISMISS

This civil case presents the claims of an Ohio gutter company against one of its out-of-state competitors for, *inter alia*, infringement of trademark and unfair competition. The case is presently before the Court upon defendant Hart & Cooley, Inc.'s motion to dismiss for lack of personal jurisdiction or to transfer venue to another district. (*See* doc. 29).[1] The parties have fully briefed the issues (with great expertise but also, no doubt, at substantial expense). (*See* docs. 8, 15, 16, 29, 30, 33, 34, 35, 36, and 37!)

When personal jurisdiction over a defendant is challenged upon a motion to dismiss, plaintiff need only establish a *prima facie* case that jurisdiction exists. *See Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980); *see also Nationwide Mut. Ins. Co. v. Tryg International Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996). The burden on the plaintiff is merely slight, *see American Greeting Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988), and the court shall view all facts alleged in the pleadings in a light most favorable to the plaintiff. *See Aristech Chem. Int'l., Ltd. v. Acrylic Fabricators, Ltd.*, 138 F.3d 624, 626 (6th Cir. 1998). Indeed, the court shall not consider conflicting facts offered by the defendant. *Id.*

In determining whether a defendant is subject to jurisdiction in a particular state, the essential issue is whether the defendant purposefully established "minimum contacts" in the forum state such that the defendant should "reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (internal citations omitted).

---

[1] Defendant's original motion to dismiss (doc. 8) is now moot, and herein denied on that basis, as plaintiff has filed an amended complaint (which defendant has likewise moved to dismiss in a subsequent motion (doc. 29), which motion is the subject of this Order)).

To establish specific jurisdiction over a non-resident defendant, the averments must reflect that:

(1) the defendant has purposefully availed itself of the privilege of acting in the forum state or causing a consequence in the forum state;

(2) the causes of action alleged arise from the defendant's activities in the forum state; and

(3) the acts of the defendant and/or their consequences have a substantial enough connection with the forum state to make its exercise of jurisdiction over the defendant reasonable.

*Reynolds v. Int'l Amateur Fed.*, 23 F.3d 1110, 1116 (6th Cir. 1994).

Here, according to the plaintiff's allegations, these requirements are met because Hart & Cooley has established contacts with Ohio by: (a) selling Gutter Helmut products in Ohio;[2] (b) distributing sales videotapes to dealers and distributors in Ohio; and (c) maintaining a website with an intermediate level of interactivity available to Ohio citizens. Under such circumstances, adjudicating disputes arising from these contacts in Ohio is reasonable and fundamentally fair.

As an initial matter, jurisdiction is proper whenever the defendant's commercial efforts are purposely directed toward residents of the forum state. *See CompuServe v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996); *see also Burger King Corp., supra.*[3]

Here, according to plaintiff's allegations, Hart & Cooley has purposely directed its commercial efforts toward Ohio residents in two key ways. First, Hart & Cooley has provided product and sales videotapes to distributors and dealers in Ohio. Second, Hart & Cooley operates an intermediate interactive website located at www.gutterhelmet.com through which customers in Ohio may inquire about becoming a Gutter Helmut dealer and/or locate and acquire information about local dealers. Collectively, these alleged contacts are sufficient to warrant a *prima facie* finding of jurisdiction.

---

[2] Defendant denies selling product in Ohio. However, upon a motion to dismiss, the Court shall not consider facts offered by the defendant which conflict with the plaintiff's allegations. *Aristech, supra*, 138 F.3d at 626 (6th Cir. 1998).

[3] *See also Tobin v. Astra Pharmaceutical Products, Inc.*, 993 F.2d 528, 543-44 (6th Cir. 1993); *North American Philips Corp. v. American Vending Sales, Inc.*, 35 F.3d 1576, 1580 (Fed. Cir. 1994): (when a defendant places articles into the stream of commerce knowing that they will be distributed or marketed in the forum state, the exercise of personal jurisdiction over that defendant is appropriate).

Furthermore, in this case, Gutter Topper's causes of action "arise" from Hart & Cooley's activities in Ohio as all that is required is that the cause of action merely have a connection with the defendant's in-state activities. *Southern Machine v. Mohasco Indus.*, 401 F.2d 374, 384 nn. 27 & 29 (6th Cir. 19 ). Thus, the mere pleading that defendant's activities have caused injury in the forum state supports jurisdiction. *Id.* Further, because Gutter Topper's principal place of business is here in Cincinnati, the alleged injury and losses necessarily occur in the forum state and, therefore, support jurisdiction. *See, e.g., Neogen Corp. v. New Gen Screening, Inc.*, 282 F3d 883, 891 (6th Cir. 2002).

Finally, because Hart & Cooley has purposely directed its activities at forum state residents, it is fundamentally fair to exercise jurisdiction over Hart & Cooley. *See CompuServe, supra,* 89 F.3d at 1268; *First Nat'l Bank v. J.W. Brewer Tire Co.*, 680 F.2d 1123, 1126 (6th Cir. 1982); *Creech v. Roberts*, 908 F.2d 75, 80 (6th Cir. 1990); *Southern Machine, supra,* 401 F.2d at 384.

Moreover, the exercise of jurisdiction over Hart & Cooley is authorized under Ohio's long-arm statute because Gutter Topper alternatively alleges that: (a) Hart & Cooley transacts business in Ohio; and/or (b) Hart & Cooley has caused injury in Ohio by acts outside Ohio and maintains regular contacts with Ohio. *See* Ohio Rev. Code §§ 2307.382 (a)(1), (a)(4). Under either analysis, here there are sufficient minimum contacts so as not to offend traditional notions of fair play and substantial justice, particularly in light of the finding of a *prima facie* case for specific jurisdiction. *See, e.g., CompuServe, supra,* 89 F.3d at 1262.

Hart & Cooley transacts business in Ohio within the meaning of the Ohio long-arm statute given that the Supreme Court of Ohio has broadly interpreted the "transacting any business" language of Ohio's statute. *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St.3d 73 (1990); *Goldstein v. Christiansen*, 70 Ohio St.3d 232 (1994). Moreover, the allegations that Cincinnati-based Gutter Topper has suffered economic harm in Ohio as a result of Hart & Cooley's activities (in Ohio and elsewhere) also brings the amended complaint within the purview of Ohio long-arm statute. *See* Ohio Rev. Code §§ 2307.382 (a)(4). Thus, the allegations that Hart & Cooley carries out business in this district through a detailed list of activities in Ohio and elsewhere, which have caused plaintiff harm in Ohio, clearly provide a basis for a finding of *prima facie* jurisdiction under Ohio's long arm statute.

Finally, as to venue, two conclusions are required. First, venue is proper in this district under 28 U.S.C. § 1391(b) as Hart & Cooley is deemed to reside in this judicial district because Hart & Cooley is subject to personal jurisdiction here. *See* 28 U.S.C.

§ 1391(c). Second, transfer of venue to another district is not appropriate when the transfer merely shifts the burden of traveling to a less convenient forum to the plaintiff. *Eberline v. Ajilon LLC, et al.*, 2004 U.S. Dist. LEXIS 25600 *9 (N.D. Ohio December 23, 2004). Indeed, the moving party has the burden of establishing the need for a transfer of venue, *see Jamhour v. Scottsdale Insurance Co.*, 211 F.Supp.2d 941, 945 (S.D. Ohio 2002), and courts traditionally give considerable weight to a plaintiff's chosen forum and are reluctant to transfer actions absent a strong showing of inconvenience. *Id.; see also Eberline, supra.* Here, simply put, Hart & Cooley has not met its burden and transfer under § 1404(a) is not warranted.

Wherefore, defendant Hart & Cooley's motions to dismiss for lack of personal jurisdiction or to transfer venue to another district (docs. 8 and 29) are hereby DENIED.

IT IS SO ORDERED.

Date: 5/6/05

Timothy S. Black
United States Magistrate Judge