UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GUTTER TOPPER, LTD., | : | Civil Action No. 1:04-cv-656 |
| Plaintiff, | : | Magistrate Judge Timothy S. Black |
| v. | : | |
| HART & COOLEY, INC, *et al.*, | : | |
| Defendants. | : | |

### ORDER DENYING TOMKINS INDUSTRIES, INC.'S MOTION TO DISMISS

This civil case presents the claims of an Ohio gutter company, plaintiff Gutter Topper, Ltd., against one of its out-of-state competitors, Hart & Cooley, Inc., and its parent company, Tomkins Industries, Inc. ("Tomkins"), an Ohio corporation, for, *inter alia*, infringement of trademark and unfair competition. The Court having previously denied Hart & Cooley's motion to dismiss for lack of personal jurisdiction, the case is presently before the Court upon defendant Tomkins's motion to dismiss for failure to state a claim against Tomkins.

A complaint may be dismissed for failure to state a claim only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). The Court must limit its inquiry to facts stated in the amended complaint and must presume that all factual allegations are true. *Bledsoe v. Emery Worldwide Airlines*, 258 F.Supp.2d 780, 787-788 (S.D. Ohio 2003).

The general rule, deeply ingrained in our legal system, is that a parent corporation is not liable for the acts of its subsidiaries. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (citations omitted); *Anderson v. Abbott*, 321 U.S. 349, 362 (1994( ("Limited liability is the rule, not the exception"); 1 W. Fletcher, *Cyclopedia of Law of Private Corporations,* § 33, p. 568 (1990) ("Neither does the mere fact that there exists a parent-subsidiary relationship between two corporations make the one liable for the torts of its affiliates").

However, an exception to the general rule provides that a parent corporation can be liable for the acts of its subsidiary if: (1) the separation between the parent and the subsidiary is fictitious; or (2) the parent holds the subsidiary out as its agent; or (3) the parent exercises an undue degree of control over the subsidiary. *Velandra v. Regie Nationale Des Unsines Renault*, 336 F.2d 292, 296 (6th Cir. 1964) (citations omitted).

The question whether a parent corporation may be held liable for the acts of its subsidiary is a fact-sensitive issue that this Court has previously held should be decided in summary judgment proceedings.  *Bledsoe, supra*, 258 F.Supp.2d at 788; *see also In re Telectronics Pacing Systems, Inc. v. TPLC Holdings, Inc.,* 221 F.3d 870, 878-79 (6th Cir. 2000).

Further, when a parent company is willing to accept responsibility for the obligations of its subsidiary, the parent company can also be deemed to incur liability for the unlawful conduct of its subsidiary.  *See In re Telectronics Pacing Systems, Inc.,* 953 F.Supp. 909, 92–921 (S.D. Ohio 1997).

Here, plaintiff evidences statements by Hart & Cooley in its sales efforts that the Gutter Helmut product is "backed by Hart & Cooley, a $700 million U.S. division of $6 billion+ international corporate giant, Tomkins PLC."  Hart & Cooley's sales videos, delivered to its Ohio dealers/distributors, also boast that Gutter Helmut is "backed by $6 billion strong Tomkins PLC, a world-wide building products manufacturer and industry leader."  Given these representations regarding the backing of Tomkins, the Court is not reluctant to await a review of Tomkins' potential liability for the acts of its subsidiary until the stage when consideration of summary judgment is ripe.  *See Bledsoe, supra.*

Moreover, plaintiffs have alleged that both Hart & Cooley and Tomkins have engaged in activities that constitute various civil wrongs.  That is, plaintiffs do not simply allege that Tomkins is liable for the acts of its subsidiary, Hart & Cooley, but, instead, that Tomkins itself has acted, along with Hart & Cooley, in ways which constitute tortious conduct.  While plaintiffs' pleading accomplishes this rather vaguely by collectively referring to Hart & Cooley and Tomkins as "Defendants," in accepting the allegations as true (*see Bledsoe, supra*, 258 F.Supp.2d at 787-788), the Court faces a complaint which does not seek to impose liability upon Tomkins solely because Tomkins is the parent corporation of Hart & Cooley.

Accordingly, for these several reasons, defendant Tomkins' motion to dismiss is hereby denied (without prejudice to the subsequent filing of a motion for summary judgment after discovery).

IT IS SO ORDERED.


Date: 5/26/05                              s/<u>Timothy S. Black</u>
                                           Timothy S. Black
                                           United States Magistrate Judge